NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0377n.06

No. 10-1003

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jun 06, 2011*

LEONARD GREEN, Clerk

MARK BOWERS and GERALD RENAUD, )
)
    Plaintiffs-Appellants, )
)
v. )  ON APPEAL FROM THE UNITED
)  STATES DISTRICT COURT FOR
LIVINGSTON COUNTY and BOB BEZOTTE, )  THE EASTERN DISTRICT OF
Sheriff, )  MICHIGAN
)
    Defendants-Appellees. )
)
)

Before: ROGERS and KETHLEDGE, Circuit Judges; RUSSELL, Chief District Judge.[*]

KETHLEDGE, Circuit Judge. Plaintiffs Mark Bowers and Gerald Renaud contracted methicillin-resistant Staphylococcus aureus (MRSA) infections while they were inmates in the Livingston County jail awaiting trial. Each received proper treatment, and neither suffered long-term harm from the infections. But they sued the county and the jail supervisor (the Sheriff) under 42 U.S.C. § 1983 anyway, claiming that the defendants unconstitutionally failed to protect them from MRSA. The defendants moved for summary judgment, which the district court granted. We review that decision de novo. *See Dowling v. Cleveland Clinic Found.*, 593 F.3d 472, 476 (6th Cir. 2010).

---

[*]The Honorable Thomas B. Russell, United States Chief District Judge for the Western District of Kentucky, sitting by designation.

The plaintiffs claim that the conditions of their confinement posed a serious risk of substantial harm to their health, in violation of the Eighth and Fourteenth Amendments. They must show that the county and Bezotte were deliberately indifferent to that risk. *See Napier v. Madison Cty.*, 238 F.3d 739, 742 (6th Cir. 2001).

The county is a municipal entity, so to establish municipal liability under § 1983, the inmates must show that their injuries were caused by a county policy or custom. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). The inmates do not identify any such policy. They do seem to argue that there was an unofficial custom of tolerating unsanitary conditions, but they have neither asserted nor demonstrated any of the elements required for such a claim. *See Doe v. Claiborne Cty.*, 103 F.3d 495, 508 (6th Cir. 1996). The inmates also argue that jail personnel did not follow or enforce the official policies intended to stop MRSA from spreading. But the failure to implement an official policy is different from showing that the policy *itself* was the "moving force" behind the alleged constitutional violation. *See id.* So the inmates have not identified a county policy or custom that injured them, which means they have no claim against the county.

To establish Bezotte's deliberate indifference, the inmates must show that he was personally aware of facts from which he could infer "an unreasonable risk of serious damage to [their] future health," and that he did in fact draw the inference. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Helling v. McKinney*, 509 U.S. 25, 35 (1993). Here, it is undisputed that, once contracted, an MRSA infection can be quite serious. And the inmates argue that Bezotte knew that there had been MRSA infections in the jail before and that the jail's lack of preventative measures made infections likely in the future. In the five years preceding the inmates' infections, however, the jail

averaged just ten MRSA infections annually among approximately 5300 prisoners. That is an infection rate of 0.19%. (By way of contrast, a jail in Texas recently suffered an infection rate of nearly 20%. *See Duvall v. Dallas Cty.*, 631 F.3d 203, 208 (5th Cir. 2011).) Based on that data, there was no reason for Bezotte to infer that conditions in the jail posed an unreasonable risk that the inmates would contract MRSA. Bezotte also is not liable in his supervisory capacity, because he did not "encourage[] or in some way directly participate[] in" decisions that contributed to the risk of MRSA infections. *See Leach v. Shelby Cty. Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Bezotte did not handle the jail's day-to-day operations, and the inmates otherwise point to no evidence suggesting that Bezotte was personally aware of the allegedly unsanitary conditions in the jail. Thus, the record here does not permit a finding that Bezotte was deliberately indifferent to a risk that the inmates would contract MRSA, which means the inmates have no claim against him.

The district court's judgment is affirmed.